Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5892 | **DATE** | 11/18/2003 |
| **CASE TITLE** | Rawoff vs. Texor Petroleum Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/29/03 at 9:30A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Texor's motion to dismiss the complaint is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 19 2003 | |
| ✓ | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| JD | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOHAMMED RAWOOF,                )
                                )
            Plaintiff,           )
                                )   02 C 5892
      v.                        )
                                )   Judge George Marovich
                                )
TEXOR PETROLEUM COMPANY,        )
                                )
            Defendant.           )

DOCKETED
NOV 1 9 2003

MEMORANDUM OPINION AND ORDER

Plaintiff Mohammed Rawoof ("Rawoof") filed a two-count complaint against Texor Petroleum Company ("Texor"). Rawoof alleges Texor terminated the franchise relationship without proper notice and without just cause in violation of 15 U.S.C. §§ 2802(a), (b)(2) and (3). Texor now moves to dismiss the lawsuit pursuant to Fed R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is denied.

BACKGROUND

The Complaint alleges the following relevant facts which, for the purposes of deciding this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). In February 1998, Rawoof, an owner of a gas station and Texor, a supplier of gasoline, entered into an oral agreement where Rawoof would purchase and sell all of his gasoline from Texor. In return, Texor would arrange to have Rawoof's gas station identified and branded with the Marathon brand of gasoline. Between February

1998 and August 2001, Rawoof and Texor were involved in a franchise relationship.

On August 22, 2001, Texor terminated its franchise relationship with Rawoof by removing from Rawoof's gas station all signs, displays and other affiliation with the Marathon brand of gasoline. Rawoof alleges Texor's termination was in violation of Section 2802 of the Petroleum Marketing Practices Act, 15 U.S.C. 2802 ("PMPA") because Texor did not provide notice as required and because the stated reasons for termination were other than the reasons allowed under the PMPA. On August 19, 2002, Rawoof filed a Complaint against Texor in the Northern District of Illinois.

## DISCUSSION

### I. Standard for Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must identify the basis of jurisdiction and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). Dismissal is proper

only if it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court may also take judicial notice of matters of public record outside the pleadings. Henson v. CSC Credit Services, 29 F.3d 280 (7th Cir. 1994). With these principles in mind, we turn to the motion presently before the court.

II. Statute of Limitations

Texor claims that dismissal of Rawoof's complaint is proper because Rawoof did not file his complaint within the statutory period of one year. In general, when Congress has prescribed a particular limitation period within a statute, its mandate must be obeyed. Saffron v. Dept. of the Navy, 561 F.2d 938, 941 (D.C. Cir. 1977). The Supreme Court has stated: "If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter." Holmberg v. Armbrecht, 327 U.S. 392, 395 (1946).

In the present case, the injury Rawoof is complaining of is Texor's termination of the franchise relationship without proper notice and without just cause. The PMPA has an expressly defined statutory period for Rawoof to bring his claim against Texor. The statute states, in pertinent part:

> "If a franchisor fails to comply with
> the requirements of section 2802 or 2803

3

> of this title, the franchisee may maintain a civil action against such franchisor . . . except that no such action may be maintained unless commenced within 1 year after the later of –
>
>> (1) the date of termination of the franchise or nonrenewal of the franchise relationship; or
>>
>> (2) the date the franchisor fails to comply with the requirements of section 2802 or 2803 of this title.

15 U.S.C. 2805(a).

Statutes of limitation generally begin to run upon the happening of the event which gives rise to the plaintiff's claim, not from the time when the claimant receives notice of the happening of this event. Riley v. United States, 212 F.2d 692, 695 (4th Cir. 1954). A cause of action accrues and the limitations period begins to run when the right to state a claim arises. Chevron U.S.A., Inc. v. U.S., 923 F.2d 830, 834 (Fed. Cir. 1991).

Rawoof's complaint alleges that on or before August 22, 2001, Texor wrongfully terminated the franchise relationship with Rawoof. Texor, on the other hand, claims that the actual date of termination of the franchise was either in early April 2001 or

4

August 16, 2001 when Rawoof was personally served with a complaint filed by Texor in the Circuit Court of Cook County.

This Court is allowed to take judicial notice of public documents filed in an earlier state court case to determine when the franchise relationship was terminated. Henson, at 284. As Texor has stated, Texor filed a complaint against Rawoof in the Circuit Court of Cook County on July 11, 2001, which was subsequently served on Rawoof on August 3, 2001. The complaint alleged that Rawoof breached his contract with Texor by not paying for gasoline sold and delivered to Rawoof by Texor. The sole remedy sought were damages from the breach of contract and not recission of the contract and termination of the franchise relationship. Thus, it was not until the parties executed the settlement agreement that the franchise relationship was terminated. According to the Complaint, that agreement became active on or after August 22, 2001.

Under Section 2805(a), the statute of limitations is measured from the date of the settlement agreement which terminated the franchise agreement because that was the event which gave rise to Rawoof's claim and which made him aware of the cuase of action. Accordingly, Rawoof had one year from August 22, 2001 to file a private cause of action against Texor. Rawoof timely filed the present complaint in this Court on August 19, 2002.

## CONCLUSION

For the reasons set forth above, Texor's motion to dismiss the Complaint is denied.

ENTER:

George M. Marovich
United States District Judge

DATED: 11/17/03