## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMED RAWOOF | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02 C 5892 |
| | ) | |
| TEXOR PETROLEUM COMPANY, | ) | Honorable George Marovich |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
SEP 0 9 2004

**FILED**
SEP 8 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

To:   Bruce Rose
      10560 W. Cermak
      Westchester, IL 60154

PLEASE TAKE NOTICE that on _____9-8_____, 2004 we caused to be filed with the Clerk of the Court of the United States District Court For The Northern District of Illinois the enclosed Defendant's Response to Plaintiff's Motion to Substitute a New Party Plaintiff, a copy of which is hereby served on you.

John J. Conway

John J. Conway
Sullivan Hincks & Conway
122 West 22nd Street, Ste 350
Oak Brook, Illinois 60521
(630) 573-5021

### CERTIFICATE OF SERVICE

I, John J. Conway, an attorney and counsel for Defendant, hereby certify that on this _____ day of _9-8_, 2004, one (1) copy of this Notice and Attached Documents were served by regular United States Mail, postage prepaid, from 122 West 22nd Street, Oak Brook, IL 60523, upon counsel for the Defendants and/or the Defendants at the addresses listed above.

John J. Conway

36

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

SEP 0 9 2004

| | | |
|---|---|---|
| MOHAMMED RAWOOF | ) | |
| | ) | |
| Plaintiff, | ) | 02 C 5892 |
| | ) | |
| v. | ) | Honorable George Marovich |
| | ) | |
| TEXOR PETROLEUM COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

SEP 8 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DEFENDANT TEXOR PETROLEUM COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR SUBSTITUTION OF NAMED PLAINTIFF

Now comes the Defendant, Texor Petroleum Company, by and through its attorneys, Sullivan Hincks & Conway, and submits the following as its Response to Plaintiff's Motion For Substitution of Named Plaintiff.

### INTRODUCTION

The current Plaintiff, Mohammed Rawoof, filed this action more than two years ago. He has stated under oath, both in an affidavit submitted to this Court and in his deposition testimony, that he personally had the contract with Texor that gave rise to the instant litigation. The problem that Plaintiff and his attorney have now discovered is that Mr. Rawoof cannot prove any damages. Now in an attempt to circumvent this fatal error, the Plaintiff now wants to substitute a different plaintiff in this action, a corporation named SHL95, Inc. Mr. Rawoof argues without factual or legal support that this is the real party in interest. Mr. Rawoof's motion is said to be brought pursuant to Rule 15 of the Federal Rules of Civil Procedure (FRCP), but also presents arguments based upon Rule 17 of the FRCP. Neither Rule is availing to Mr. Rawoof's plight.



Knowing that he himself cannot prove any damages under the Petroleum Marketing Practices Act (15 U.S.C. 2801 et seq, "PMPA"), Mr. Rawoof in reality is requesting to dismiss his claim and to re-file the suit under the name of a different plaintiff in the hopes that the new plaintiff can somehow prove damages. Mr. Rawoof and his counsel point to a mistake made when the initial suit was filed. Such a mistake as described by the Plaintiff allows Plaintiff the relief he is requesting pursuant to Rule 15 or Rule 17 and the motion should be denied and the case dismissed.

## ARGUMENT

There are several problems with the Plaintiff's argument. First, the situation described by Plaintiff herein is not what Rule 17 or Rule 15 of the FRCP were designed to allow for. Rule 17 was meant to allow a change in the named plaintiff, when during the course of the litigation the cause of action was legally transferred to another legal entity, such as in the case of a bankruptcy, a death, or an assignment. Rule 17 does not allow for a substitution when the first Plaintiff simply had no cause of action to begin with. Rule 15 deals with naming the wrong defendant, not the wrong plaintiff, although the Rule has been sparingly applied to situations involving a substitution of parties when there has been a change in the ownership of the cause of action. Actually, the Plaintiff's current motion implicates Rule 11 of the FRCP more so than Rule 17 or

2

Rule 15.[1] The current Plaintiff is charged with the knowledge of who the correct Plaintiff should be.

## BACKGROUND OF FACTS

Mr. Rawoof's Complaint alleges an action pursuant to the federal Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. Section 2801 et seq. alleging that Texor terminated a franchise in violation of the Act. Rawoof alleges that he operated a retail gasoline station located at 4 East 95th Street, Chicago, Illinois, ordered his gasoline initially from Texor who then supplied Rawoof's gasoline station with the Marathon brand fuel. This alleged arrangement was not memorialized in writing, but rather, was an oral arrangement between Rawoof and Texor, according to Rawoof. (See Rawoof's Complaint attached hereto as Exhibit 1).

Rawoof further alleges that the above described relationship between him and Texor constituted a franchise relationship as defined by the Petroleum Marketing Practices Act, 15 U.S.C. Section 2801 et seq. ("PMPA").  Rawoof alleges in Count I that Texor terminated the parties' franchise relationship without proper notice in violation of the PMPA.  In Count II, Rawoof alleges that Texor terminated the franchise relationship for a reason other than those reasons authorized by the PMPA. All of the allegations in the Complaint assert that Mr. Rawoof had the franchise relationship with Texor, not any corporation. He has also submitted an affidavit

---

[1]First of all, Rule 11(b) provides that when a party files a lawsuit that party is representing to the court that the lawsuit has evidentiary support. What the Plaintiff is saying now in his current motion is that Rule 11 has been violated in this case. Rule 11(b) requires that plaintiffs that file lawsuits are certifying to the court that the complaint is based upon the person's knowledge, information and belief formed upon reasonable inquiry into the merits of the action. View Engineering, Inc. v. Robotic Vision Systems, 208 F.3d 981, 984-86 (Fed.Cir. 2000). This obligation is a continuing obligation to make inquiries. Battles v. City of Ft. Myers, 127 F.3d 1298, 1300 (11th Cir. 1997). It is axiomatic that a particular plaintiff should be charged with the knowledge of whether they have been damaged.

attesting to this set of facts. Nowhere in the Complaint is SHL95, Inc. mentioned. Nowhere in

Mr. Rawoof's affidavit is SHL95, Inc. mentioned. (See Exhibit 2). Nowhere in Mr. Rawoof's

answers to interrogatories is SHL95, Inc. mentioned. (See Exhibit 3). Nowhere in Mr. Rawoof's

verified Complaint For Breach of Contract filed in the Circuit Court of Cook County is SHL95,

Inc. mentioned. (See Exhibit 4).

The Court should also be reminded that prior to the filing of this Complaint by Rawoof,

on July 11, 2001 Texor filed suit against Rawoof in the Circuit of Cook County, seeking payment

for the gasoline sold and delivered to Rawoof by Texor. Rawoof was personally served with the

Cook County complaint on August 3, 2001 and filed an appearance in the Cook County action on

August 16, 2001. Rawoof never filed a responsive pleading in the Cook County case. Subsequent

to filing his appearance, Rawoof and Texor drafted and executed a settlement and payment

agreement. (Exhibit A to Exhibit 2). Again, it is Mr. Rawoof that executed this agreement.

This lawsuit was filed August 19, 2002 and Mr. Rawoof also filed a separate lawsuit in

Cook County alleging a breach of contract by Texor (Exhibit 4). Mr. Rawoof has not filed any

similar motion to substitute parties in Cook County seeking to change the plaintiff in that case.

Rawoof has also filed answers to Texor's Requests to Admit and again claims that he personally

had the relationship with Texor.

I.    **Mr. Rawoof Has Made Binding Admissions To This Court
      That Require The Motion To Be Denied.**

It is significant in this matter that Mr. Rawoof has filed an affidavit with this Court in

support of his opposition to a motion to dismiss. Also included with the affidavit was a

settlement agreement that was entered into between Mohammed Rawoof, personally and the

Defendant herein, Texor Petroleum. The affidavit makes a judicial admission that Mohammed Rawoof is the real party in interest. (See Exhibit 2). This judicial admission is controlling on the Court. Moreover, based upon this affidavit, Mr. Rawoof succeeded in having this Court deny Texor's 12(b)(6) motion to dismiss. As such, Mr. Rawoof is judicially estopped from now alleging that a corporation is the real party in interest. MDFC Loan Corporation v. The First Shopping Center Partnership, 1996 U.S. Dist. LEXIS 2452 at 24 (ND IL 1996).

The doctrine of judicial estoppel stands for the proposition that when a party assumes a certain position in a legal proceeding, that party is estopped from assuming a contrary position. Ceres Terminals, Inc.v. Chicago City Bank & Trust, 259 Ill.App.3d 836. This doctrine was designed to promote the truth and to prevent litigants from deliberately shifting positions to suit the exigencies of the moment. Department of Transportation v. Coe, 112 Ill.App.3d 506 at 510 (4th Dist.1983). This doctrine was also intended to support the proposition that "[o]ne cannot play fast and loose with the courts." Payless Wholesale Distributors, Inc., v. Alberto Culver (P.R.) Inc., 989 F.2d 570 at 572 (1st Cir. 1993); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 at 419 (3rd Cir. 1988). Judicial estoppel is a doctrine designed to protect the integrity of the courts. Bidani v. Lewis, 675 N.E.2d 647 at 651 (1st Dist. IL 1996).

In this case, Mr. Rawoof successfully defended against Texor's 12(b)(6) motion to dismiss by submitting an affidavit to the Court attesting that he personally was the proper plaintiff and that he personally had executed the settlement agreement with Texor that he argued started the time for the running of the statute of limitations. The so-called "real party in interest", SHL95, Inc., had been incorporated since 1995, well prior to the alleged relationship that Mr. Rawoof allegedly formed with Texor. This fact proves without question that Rule 17 is not

5

implicated. The cause of action was never transferred to a newly formed corporation or from Mr.

Rawoof to SHL95, Inc.

## II.    Neither Rule 15 or Rule 17 Applies To Plaintiff's Situation.

Rule 15 is usually reserved for situations when a wrong defendant is named by mistake by

the plaintiff, not when the plaintiff does not know its own identity. An amendment with a relation

back is normally permitted to correct a "misnomer of a defendant" where the proper defendant is

already in court and the effect is merely to correct the name under which he is sued. Worthington

v. Wilson, 8 F.3d 1253, 1257 (7th Cir. 1993). "But a new defendant cannot normally be

substituted or added by amendment after the statute of limitations has run." Id. In addition, Rule

17(a) is for the benefit of the Defendant, not the Plaintiff. United HealthCare Corp. v. American

Trade Insurance, 88 F.3d 563, (8th Cir. 1996). Mr. Rawoof admits this in his brief. The right to

move under Rule 17(a) for the substitution of a party is the defendant's right. Shapo v.

Underwriters Management Corp., 2002 U.S.Dist. Lexis 18182. The Rule expressly provides as

follows:

> No action shall be dismissed on the ground that it is prosecuted in the name of the
> real party in interest until a reasonable time has been allowed after objection for
> ratification of commencement of the action by, or joinder, or substitution of, the
> real party in interest.

In the matter at bar, the Defendant, Texor, has not moved for dismissal of the action on

the ground that Mr. Rawoof is not the real party in interest. The Rule makes no provision for a

plaintiff to change after the statute of limitations has run. The Plaintiff has not cited to any cases

where such a procedure has been allowed. Mr. Rawoof simply realized that he had no damages

and could prove no damages and is now scrambling to piece together an argument that may

provide his corporate entity with a viable claim. Unfortunately for Mr. Rawoof, the federal rules do not allow for this. Mr. Rawoof acknowledges his awareness of this fatal error by mixing his argument between Rule 17 and Rule 15.

It is astonishing that the Plaintiff cites to <u>Weissman v. Weener,</u> 12 F.3d 84 (7th Cir. 1993). The Seventh Circuit affirmed the district court's *sua sponte* dismissal of an action based on the fact that the named plaintiff was not the real party in interest. This case provides this Court not only with the authority to deny the Plaintiff's current motion, but to dismiss the case on its own motion. <u>Id.,</u> at 86.

In <u>Weissman,</u> the Seventh Circuit also noted that it is the defendant's right to object pursuant to Rule 17, not the plaintiff's. <u>Id.,</u> at 85. Aside from this apparent mistake in citing to <u>Weissman,</u> the Plaintiff herein also misconstrues Rule 17.

Rule 17 applies to "transfers" of interest that occur prior to, or during, the time that the lawsuit is filed. It does not concern itself with mistakes made by a plaintiff in determining who is the proper party. <u>Tate v. Snap-On Tools,</u> 1997 U.S.Dist LEXIS 1485, *15. (Defendant filed a motion to dismiss and the trustee was allowed to be substituted in as the real party in interest). The case cited by the Plaintiff herein is in accord. <u>In re Meyer,</u> 120 F.3d 66 (7th Cir. 1997).

<u>Meyer</u> involved an assignment of interest and a string of bankruptcies that occurred. The ruling in <u>Meyer</u> supports the ruling that Rule 17 involves "transfers of interest", and not simply mistakes in naming the wrong plaintiff. Plaintiff's argument is not only unsupported by any citation to appropriate authority, it is also illogical. How can a plaintiff make a mistake about who entered into a contract, who executed certain documents, and who was damaged. There is no

7

federal rule that allows a plaintiff to cure its own mistake in naming the wrong plaintiff. Estate of

Kout v. United States, 241 F.Supp.2d 1183 (DC Kan. 2002).

The court in Kout ruled that where the failure to name the proper party "stems from the

lack of knowledge rather than a mistake in identification, the plain language of Rule 15(c)(3)

does not permit relation back." In this case the Plaintiff claims there was a mistake made by the

Plaintiff's prior counsel and not due to any mistake in identifying the proper plaintiff. Moreover,

Plaintiff's current counsel also acknowledges in his brief that "it began to appear to plaintiff's

current counsel that the corporation, rather than Rawoof, was the real party in interest."

(Plaintiff's Brief at P. 3). There is no further explanation as to when this error began to manifest

itself. Nevertheless, every plaintiff that files an action is charged with a representation to the

court that the suit has merit and is based on the party's knowledge.

Despite acknowledging that it was the Plaintiff's mistake, the Plaintiff still fails to address

how this situation is applicable to Rule 15 or Rule 17. Mr. Rawoof does not argue that there was

ever any transfer of interest in this case that would allow Rule 17 to apply. Mr. Rawoof also does

not argue that there was any difficulty in obtaining the identify of the proper party such that Rule

15 would apply. Rather, he simply argues that his first attorney made an error in naming him as

the Plaintiff in this case. Mr. Rawoof's recovery may be elsewhere based on such an argument,

but certainly he is not entitled to fix any such "error" by reliance on Rule 17 or Rule 15.

The cases cited by the Plaintiff in support of its argument are also inapposite to the facts

that exist herein. Weissman v. Weener, 12 F.3d 84 (7th Cir. 1993), as discussed above, affirmed

the district court's *sua sponte* dismissal of an action based on the fact that the named plaintiff

was not the real party in interest. Kent v. Northern Cal.Reg.Off.Of Amer. Friends, did not discuss

8

Rule 15 or Rule 17. Issen v. GSC Enterprises, 538 F.Supp. 745 (ND IL 1982) involved a class

action claim where the claims of the new class members encompassed the claims of the current

class members. United Healthcare v. American Trade Ins., 88 F.3d 563 (8th Cir. 1996), as

discussed above ruled that Rule 17 is for the benefit of the defendant and may be waived. The

waiver was applied because the defendant waited two years before bringing the motion. This case

actually supports a denial of Plaintiff's motion since Texor has not filed a motion pursuant to

Rule 17 and the Plaintiff's motion comes two years after the case was filed. Hess v. Eddy, 689

F.2d 977 (11th Cir. 1982) deals with a transfer of the legal interest in the action from the named

decedent to the administrator of the decedent's estate. The case is limited to application to the

proper party to bring a wrongful death cause of action. Moreover, the Plaintiff herein has not

alleged any transfer of interest. Wadsworth v. United States Postal Service, 511 F.2d 64 (7th Cir.

1975) involved a case where the insured was allowed to add the insurer in Federal Tort Claims

Act against the United States where both had previously filed claims under the Federal Tort

Claims Act. The question in that case was limited to whether the relation back provisions of Rule

15(c) apply in a tort action against the United States. The insured was actually subject to

mandatory joinder. This case has no application to the instant factual scenario, as there was a

pure mistake as to identity in Wadsworth. Meyer v. FDIC, 120 F.3d 66 (7th Cir. 1997),

as discussed above, involved a bankruptcy context where the ownership of the cause of action

had transferred to another entity pursuant to an assignment agreement. No such transfer of a

cause of action is alleged by the Plaintiff herein. Gregg Communications v. AT&T, 98 FRD 715

(ND IL 1983) is an anti-trust case where the court allowed plaintiff leave to amend six months

after the case was filed and before the statute of limitations had run. This case is inapplicable to

9

the matter at bar since the motion comes more than two years after the case had been filed and

after extensive discovery and motion practice and after the statute of limitations has run. A case

citing <u>Gregg</u> came down on the other side of the coin and affirmed a district court refusal to allow

an amendment, <u>Tamari v. Bache,</u> 838 F.2d 904, 909 (7th Cir. 1988).

### A.    Rawoof Has Not Complied With Rule 15 In Order For Relation Back To Apply.

Mr. Rawoof continually represented to this Court and to the Cook County Circuit Court

under oath that he is the real party in interest. He signed the affidavit in support of his opposition

to Texor's rule 12(b)(6) motion and stated under oath that he entered into a settlement agreement

with Texor and that he was damaged financially. (See exhibit 2). There is no mention of SHL95,

Inc., either in the affidavit or in the settlement agreement. The Complaint filed in Cook County is

a "Complaint For Breach of Contract" and was filed by Mr. Rawoof after the filing of this federal

lawsuit in response to Texor's 12(b)(6) motion to dismiss to hedge against a potential dismissal

of this action in this Court. The Cook County case is based upon an oral agreement between Mr.

Rawoof and Texor, and again there is no mention of SHL95, Inc. Most importantly, Mr. Rawoof

has not moved to substitute the new plaintiff in the Cook County action and continues to

steadfastly assert that Mr. Rawoof is the real party in interest.

In the Cook County case, Plaintiff's current counsel filed a response to Texor's motion to

dismiss that lawsuit. In the response filed by Plaintiff's current counsel, argues that Mr. Rawoof

has pleaded a cause of action for breach of contract and that Mr. Rawoof is the party that was

damaged. The Plaintiff also successfully defended against a separate motion to dismiss the action

10

based upon a preemption argument. No proposed changes have been made in the Cook County action and there has never been any mention of SHL95, Inc., the new proposed plaintiff herein. In order for the relation back doctrine to apply, the Plaintiff must demonstrate that the new plaintiff's claim arose out of the same transaction or occurrence and must demonstrate that the new proposed plaintiff had already been involved in this action. Pappion v. Dow Chemical, 627 F.Supp. 1576, 1581 (DC WD LA 1986). Mr. Rawoof cannot satisfy this requirement. SHL95, Inc. has never been involved in this action and has always been previously unknown to Texor.

The court in Pappion refused to apply the relation back doctrine to an amended complaint that had added the existing deceased plaintiff's children to the wrongful death lawsuit. The court stated that even if the claims of the new plaintiffs arose out of the same transaction or occurrence, the plaintiff must still show that the defendant had notice of the existence of the new plaintiff and that the new plaintiff had already been involved in the action. Id. The court in Pappion reasoned that the statute of limitations policy would be circumvented if a plaintiff were allowed to add a new plaintiff simply because new plaintiff's claim arose from the same transaction. Id. At 1582.

Mr. Rawoof cannot demonstrate that the claim arose out of the same transaction or that the new plaintiff was ever involved in this lawsuit. As such, the motion should be denied.

**B.    Texor Will Be Prejudiced By The Amendment**

Contrary to what Plaintiff states in his motion, all of the discovery in this case has been geared toward Mr. Rawoof as the Plaintiff. Mr. Rawoof also answered interrogatories in this case under oath on March 22, 2004. In the answers Mr. Rawoof details the alleged agreement and the alleged breaches of the agreement and nowhere mentions SHL95, Inc. It is significant to note that Mr. Rawoof does not bring his claim as the shareholder of SHL95, Inc. or as an officer of SHL95,

11

Inc. Rather, there is no mention of SHL95, Inc. and the documents produced all demonstrate that Texor never had any notice of this entity or that Mr. Rawoof was somehow affiliated with this entity. Additional extensive discovery must be taken to defend against the new claim by the new party. Texor had no knowledge of this entity and needs additional discovery to determine whether any franchise relationship ever existed between Texor and the new entity, as is required to bring a claim under the Petroleum Marketing Practices Act (PMPA). The proposed amendment comes over two years after the case was filed and after the Plaintiff filed another case in Cook County Circuit Court. This is not just an alternative claim, it is a whole new party that was previously unknown to Texor. All of these results are examples of prejudice that require the motion to be denied. A. Cherney Disposal v. Chicago Suburban Refuse, 68 FRD 383, 385 (ND IL 1975).

The current action was filed August 19, 2002, over two years ago. Extensive discovery has been undertaken and there has already been a motion practice with respect to the current plaintiff's claims. The Plaintiff cannot show that this current motion has been timely filed. Nagle v. Commercial Credit Bus. Loans, 102 FRD 27, 32 (ED PA 1983). This delay is inexcusable which requires the motion to be denied. Tamari v. Bache, 838 F.2d 904, 909 (7th Cir. 1988)(delay itself is prejudicial).

C.   **Neither Rule 17 nor Rule 15 Allows A Plaintiff To Benefit From Its Own Mistake.**

Neither Rule 17 nor Rule 15 applies to a situation like the on at issue here. There has not been a misnomer of a defendant that Rule 15 applies to and there has been no transfer of the cause of action and therefore Rule 17 is not implicated. What the Plaintiff is now admitting is that he has no damages and now wants to try his luck with a new entity as the Plaintiff. The

Plaintiff has not cited any case authority that would allow for this under the Rules. The Plaintiff's recourse is to file a new cause of action. Of course, the Plaintiff knows this and knows that any new cause of action is barred by the one year statute of limitations under PMPA. A party shall not be allowed to amend its pleading and obtain the benefit of the relation back doctrine when the error in naming the proper party was due to the mistaken identification of the status of the party due to the party's own assumptions based on their own error. Estate of Kout v. United States, 241 F.Supp.2d 1183 (DC Kan 2002).

The court in Kout refused to allow the party to amend its complaint after the statute of limitations had run. The court reasoned that the error in naming the wrong party was due to the party's mistake regarding the identification of the status of the new litigant due to the party's own mistaken assumptions. The error in naming the wrong party was not the result of a mistake as to a potential litigant's identity. Id. This is precisely what has happened in this case. The Plaintiff has pointed to no reason for the failure to name the alleged proper plaintiff other than counsel's own error. Such a mistake does not allow for an amendment and relation back under Rule 15. Id.

## CONCLUSION

For the reasons stated above, Rawoof's Motion should be denied, and the Complaint should be dismissed with prejudice since the current Plaintiff admittedly has suffered no damages. Alternatively, the Court could allow the Plaintiff to substitute a new Plaintiff but disallow the new Plaintiff's action to relate back to the date of the original filing, which in turn would require this Court to dismiss the Complaint with prejudice since the one year statute of limitations under PMPA has expired. Finally Texor should be awarded its costs and attorneys fees in this action.

Respectfully submitted,
Texor Petroleum Company

By: _____
One of its Attorneys

John J. Conway
Sullivan Hincks & Conway
122 West 22nd Street
Suite. 350
Oak Brook, Illinois 60523
630-573-5021
ARDC No. 6217597

14

# SEE CASE FILE FOR EXHIBITS