Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5892 | **DATE** | 11/4/2004 |
| **CASE TITLE** | Rawoof vs. Texor Petroleum | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] REPORT AND RECOMMENDATION is hereby submitted to Judge Marovich recommending that the District Court grant plaintiff's motion for substitution of named plaintiff [29-1] and allow plaintiff to file an amended complaint substituting SHL 95 as the named plaintiff. Plaintiff is advised to renotice his motion for leave to file Count III [37-1] before Judge Marovich, and attach the proposed amended complaint and not just Count III. Enter Report and Recommendation.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | 2 | |
| ✓ | Notices mailed by judge's staff. | | number of notices | |
| | Notified counsel by telephone. | | NOV 0 5 2004 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 11/4/2004 | |
| | KF | courtroom deputy's initials | date mailed notice | |
| | | | KF | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT

2004 NOV -4 PH 2: 13

Document Number

39

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Mohammmed Rawoof )

Plaintiff, ) 02 C 5892

) Judge George M. Marovich

Texor Petroleum Company ) Magistrate Judge Michael T. Mason

)

Defendant. )

## REPORT AND RECOMMENDATION

NOV 0 5 2004

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Mohammed Rawoof ("Rawoof"), filed an action pursuant to the Petroleum

Marketing Practices Act ("PMPA"), 15 U.S.C. 2801 *et seq.*, alleging that Texor terminated

the parties' franchise relationship in violation of the PMPA. Plaintiff filed a motion for

substitution requesting leave to substitute SHL 95, Inc. ("SHL 95" or "the corporation") for

Rawoof as the named plaintiff. The District Court referred the motion for substitution to us

for a report and recommendation. For the following reasons, we recommend that the

District Court grant plaintiff's motion for substitution and allow plaintiff to substitute SHL 95

as the named plaintiff.

## Background

On August 19, 2002, Rawoof filed an action in the Northern District of Illinois against

Texor Petroleum Company ("Texor") pursuant to the PMPA.[1] Rawoof's complaint alleges

that he entered into an oral agreement with Texor to purchase gasoline exclusively from

---

[1] Plaintiff also filed a complaint for breach of contract in the circuit court of Cook County, Illinois. Rawoof filed a motion for leave to amend his complaint to add the breach of contract claim to this action pending in the Northern District of Illinois. This report and recommendation does not address that issue.

*39*

Texor. In exchange, Texor would arrange to have Rawoof's station identified with the Marathon brand of gasoline. The complaint alleges that between February 1998 and August 22, 2001, Rawoof and Texor were involved in a franchise relationship as defined by the PMPA. Rawoof further alleges that Texor terminated the parties' franchise relationship without proper notice and without just cause in violation of the PMPA.

Texor filed a motion to dismiss Rawoof's complaint alleging that it was barred by the statute of limitations applicable to PMPA claims. In his response brief, Rawoof again alleged that he entered into a franchise agreement with Texor in February 1998. Additionally, in an affidavit attached to the response brief, Rawoof swore that he was damaged financially as a result of Texor's removal of the Marathon brand from his station. Rawoof did not mention SHL 95 in either the response or the affidavit.

Ultimately, the court denied Texor's motion to dismiss and the parties engaged in discovery. Rawoof's answers to interrogatories do not refer to or mention SHL 95. However, in response to Texor's document requests, Rawoof produced corporate tax returns for SHL 95, corporate bank and gasoline purchase records, and the deeds and leases for the real property showing the corporation in title.

On July 27, 2004, Rawoof filed a motion for substitution of the named plaintiff pursuant to Federal Rule of Civil Procedure 15. In the motion, Rawoof contends that he is the sole officer, director and shareholder of the S-Corporation, SHL 95. The corporation was created to operate Rawoof's gasoline station and mini-mart and to take title to the real property on which the station operates. Rawoof contends that because Texor debranded his gasoline station, the corporation suffered reduced sales volume and sold the station at a reduced price. On the day the sale of the station closed, the corporation executed

documents providing for the payment of the sales proceeds into a trust for Rawoof. Apparently, as a result of the transfer of the proceeds to Rawoof and the corporation's status as an S-Corporation, Rawoof's original counsel named Rawoof individually as the plaintiff in this action. As discovery proceeded, Rawoof's current counsel determined that the corporation is the real party in interest. Rawoof then filed the motion for substitution.

## Analysis

Plaintiff contends that the Court should allow substitution of the corporation because the corporation is the real party in interest and Federal Rule of Civil Procedure 17(a) requires that all actions shall be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a). Plaintiff also argues that if the corporation substitutes for Rawoof as the named plaintiff, the corporation's claims will relate back to the original complaint under Rule 15. In response, Texor argues that Rule 15 has been applied sparingly to situations involving substitution of a party when there has been a change in ownership of the cause of action. However, Rule 15 is not as limited as Texor suggests. Indeed, the Advisory Committee Notes state:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated.

Advisory Committee Note to Fed. R. Civ. P. 15(c).

Here, Rawoof seeks to cure the defect in his original complaint by substituting the corporation as the named plaintiff. To date, Texor has not raised a real party in interest

3

defense. Therefore, plaintiff's motion for substitution is more properly suited for analysis under Rule 15(c)'s relation back provision. The issue is whether substitution of the corporation, SHL 95, as the named plaintiff relates back to the original complaint.

Under Rule 15(c) and cases interpreting that rule, an amended complaint adding or substituting a new plaintiff "relates back" to the original complaint if: (1) the claim of the new plaintiff arose from the "same conduct, transaction, or occurrence" set forth in the original complaint, (2) the new plaintiff shares an "identity of interest" with the original plaintiff, (3) the defendant has fair notice of the new plaintiff's claim, and (4) adding or substituting the new plaintiff does not prejudice the defendant. *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 1997 U.S. Dist. LEXIS 9255, *16 (N.D. Ill., June 23, 1997); *see Staren v. American Nat'l Bank and Trust Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976); *Allied Int'l, Inc. v. International Longshoremen's Ass'n*, 814 F.2d 32, 35-36 (1st Cir. 1987).

## A.    Same Conduct, Transaction or Occurrence

In this case, SHL 95's PMPA claims against Texor depend upon the same facts as were set out in Rawoof's original complaint. The conduct complained of, Texor's termination of the parties' franchise relationship in violation of the PMPA, is the same as alleged in the original complaint. The only proposed change is the change in the plaintiff's identity. The substitution of the corporation as the named plaintiff does not create an entirely new claim by a new party as Texor suggests. Rather, the change here is merely a formal one which does not alter the known facts and issues on which the action is based. Accordingly, we find that SHL 95's claims arise from the "same conduct, transaction, or occurrence" set forth in the original complaint. *See Staren*, 529 F.2d at 1263 (allowing

4

substitution of a corporation for individual owners where there were no other changes made to the original complaint); *Allied*, 814 F.2d at 35-36 (allowing plaintiff substitution where there were no other changes to made to the original complaint).

## B.    Identity of Interest

Rule 15(c) allows relation back when an "identity of interest" exists between the original plaintiff and the new plaintiff. When a new plaintiff has an identity of interest with the original plaintiff, courts generally assume that the defendant has notice of the claims of the new plaintiff and suffers no prejudice by the addition or substitution of the new plaintiff. *See Staren*, 529 F.2d at 1263; *Sherwin Manor*, 1997 U.S. Dist. LEXIS 9255 at *19. As the sole shareholder of SHL 95, Rawoof's interests are virtually identical to the corporation's. Thus, the identity of interests between Rawoof and SHL 95 served to notify Texor of SHL 95's PMPA claims.

## C.    Fair Notice

A defendant has fair notice if substitution does not alter the known facts and issues of the original complaint. *See Staren*, 529 F.2d at 1263; *Sherwin Manor*, 1997 U.S. Dist. LEXIS 9255 at *20. Here, Texor was fully apprised, within the applicable limitations period, that the thrust of the litigation was to hold it responsible for terminating the parties' franchise relationship in violation of the PMPA. Texor claims that it never had any notice of SHL 95 or that Rawoof was affiliated with this entity. However, Texor does not refute Rawoof's contention that he produced corporate tax returns for SHL 95, corporate bank and gasoline purchase records, and the deeds and leases for the real property showing the corporation in title. Therefore, we find that Texor had fair notice of SHL 95's claims.

5

## D.    Prejudice

Rule 15(c) does not allow relation back if the addition or substitution of the new plaintiff would cause the defendant undue prejudice. *Sherwin Manor*, 1997 U.S. Dist. LEXIS 9255 at *22. Here, Texor argues that the motion for substitution must be denied because Texor will be prejudiced by the amendment. In particular, Texor contends that it had no notice of SHL 95 because Rawoof did not mention the corporation in his interrogatory answers and all discovery has been geared toward Rawoof as the plaintiff. However, as detailed above, based on the documents produced by Rawoof, Texor clearly had notice of the existence of SHL 95. Further, the original complaint, which alleged that Texor violated the PMPA, also served to notify Texor of the actual claims being asserted against it. Accordingly, we find that the substitution of SHL 95 does not prejudice Texor. *Staren*, 529 F.2d at 1263 (finding that the substituted corporate plaintiff had such an identity of interest with the individual plaintiffs that the original complaint served to notify the defendant of the actual claim being asserted against it, with no resulting prejudice).

Furthermore, we are not persuaded by Texor's contention that it needs "extensive discovery" to defend the new claim and determine whether a franchise relationship existed between Texor and SHL 95. Generally, a new plaintiff prejudices the defendant if relevant evidence has been lost or the defendant does not have adequate time for discovery. *Id.* In this case, however, discovery has not closed and plaintiff's counsel has offered to allow Rawoof to be deposed as the corporation's 30(b)(6) witness. In addition, Texor has not alleged that any evidence has been lost. Consequently, the substitution of SHL 95 as the named plaintiff does not prejudice Texor.

6

## E.    Judicial Estoppel

Finally, Texor contends that Rawoof's motion for substitution should be denied because Rawoof is judicially estopped from alleging that the corporation is the real party in interest. According to Texor, Rawoof made a judicial admission that he was the real party in interest in the affidavit attached to his response to Texor's motion to dismiss. However, contrary to Texor's suggestion, Rawoof did not swear that he was the proper plaintiff or the real party in interest in that affidavit. Moreover, Texor's motion to dismiss had nothing to do with whether Rawoof was the real party in interest. Instead, it was based on the statute of limitations applicable to the PMPA claims.

For the doctrine of judicial estoppel to apply, a party must take a position that is clearly inconsistent with an earlier position adopted by the court. *See Ezekiel v. Michel*, 66 F.3d 894, 904 (7th Cir., 1995).[2] Here, Rawoof did not take a position in response to the motion to dismiss that is inconsistent with the real party in interest position he takes in the current motion to substitute. Accordingly, judicial estoppel is inapplicable here.

## Conclusion

This Court concludes that the relation back doctrine under Rule15(c) applies because: (1) SHL 95's claims arose from the same conduct set forth in the original complaint, (2) SHL 95 shared an identity of interest with Rawoof, (3) Texor had fair notice of SHL 95's claims, and (4) the substitution of SHL 95 does not prejudice the defendant. Accordingly, we recommend that the District Court grant plaintiff's motion for substitution

---

[2] Texor relies almost exclusively on Illinois state case law to support its judicial estoppel argument. However, federal law on estoppel applies here because plaintiff's claims are based on federal substantive law. *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.*, 910 F.2d 1540, 1550 (7th Cir. 1990).

and allow plaintiff to file an amended complaint substituting SHL 95 as the named plaintiff.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: November __4__, 2004