# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5892 | **DATE** | 12/28/2004 |
| **CASE TITLE** | Rawoff vs. Texor Petroleum Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court rejects the Magistrate's Report and Recommendation and denies plaintiff's motion to substitute SHL 95, Inc. for Rawoof. The Court denies as abandoned plaintiff's motion for leave to amend the complaint to add Count III, but the denial is without prejudice to plaintiff's right to re-file the motion in the future. Status hearing set for 05/11/05 at 11:00am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 29 2004 | |
| | Notified counsel by telephone. | | date docketed | 46 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMED RAWOOF | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) 02 C 5892 | |
| v. | ) | |
| | ) Judge George M. Marovich | |
| TEXOR PETROLEUM COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
DEC 29 2004

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Mohammed Rawoof ("Rawoof") filed a two-count complaint against defendant Texor Petroleum Company ("Texor"). Nearly two years after filing the suit and on the last day of discovery, Rawoof filed a motion pursuant to Rules 15 and 17 of Federal Rules of Civil Procedure to substitute SHL, Inc. for Rawoof as plaintiff. Magistrate Judge Mason issued a *Report and Recommendation* recommending that the motion be granted. Defendant filed timely objections, which the parties have briefed. For the reasons set forth below, the Court rejects the *Report and Recommendation* and denies plaintiff's motion for substitution. Also pending is plaintiff's motion to amend the complaint to add a third count. The Court denies as abandoned the motion to add a third count, but the denial is without prejudice to plaintiff's right to re-file the motion in the future.

### I. **Background**

On August 19, 2002, plaintiff Rawoof filed a two-count complaint, in which he asserted claims under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et. seq. The first several months of the case were spent briefing defendant's Rule 12(b)(6) motion to dismiss, which the

46

Court ultimately denied. The Court referred discovery matters to Magistrate Judge Mason, who set a written discovery cut-off of April 12, 2004, an oral discovery cut-off of May 12, 2004 and an all-discovery cut-off of June 11, 2004. At a June 10, 2004 status hearing, Magistrate Judge Mason extended the discovery cut-off to July 27, 2004.

On July 27, 2004, the date of the discovery cut-off, plaintiff Rawoof filed a motion to substitute SHL 95, Inc. for himself as plaintiff. Because defendant had filed a Rule 37(a) motion to compel plaintiff to respond to discovery, Magistrate Judge Mason entered an order on July 27, 2004 extending discovery to August 26, 2004.

Plaintiff conceded the following in his July 27, 2004 motion to substitute:

> [SHL 95, Inc. ("the corporation")] was created to take title to real property on which the gasoline service station and mini-mart at issue in this litigation ("the Station") was located. Throughout the duration of the parties' relationship, the corporation owned both the real and personal property for the Station. The corporation also operated the Station.
>
> In August 2001, defendant Texor Petroleum Company ("Texor") wrongfully debranded the Station. Although there was an indirect effect on Rawoof from the debranding because he is, and has been the sole officer, director and stockholder of the S-corporation since its inception, it was nevertheless, the corporation itself that *directly* suffered reduced cash flow resulting from a diminished sales volume after August 2001.
>
> \* \* \*
>
> Nevertheless, it now appears that Rawoof's original counsel, Steven Kaiser ("Kaiser"), mistakenly named Rawoof, individually, as the plaintiff in this action (rather than the corporation itself) because SHL 95 is an S-Corporation, wholly owned by Rawoof, and because of the corporation's belated assignment to Rawoof of the sales proceeds from the Station.
>
> Rawoof's current counsel (who has been in the case only since late-December 2003) initially accepted Rawoof's designation as plaintiff because he had no reason to believe that Kaiser had erred.
>
> \* \* \*

> As discovery proceeded in this case, however, it began to appear to plaintiff's current counsel that the corporation, rather than Rawoof, was the real party in interest. That growing doubt peaked on July 6, 2004 when defense counsel sent a letter to plaintiff's counsel noting that, *inter alia*, although the corporation's tax returns had been produced, none had been produced for Rawoof, individually, although he was the named plaintiff.
>
> Because of defense counsel's July 6, 2004 letter, plaintiff's counsel began extensive discussions with Rawoof concerning exactly how the Station's sale had been structured. On July 22, 2004 Plaintiff's counsel also received from the corporation's transactional attorney, certain corporate resolutions and other documents related to the Station's sale that were not previously made available to plaintiff's counsel. Based on: i) plaintiff's counsel's review of these corporate documents; ii) his conversations with both Rawoof and the transactional attorney; and iii) the well-settled rule that a plaintiff-stockholder may not seek relief on his own behalf when the plaintiff has not been injured in any capacity other than in common with his other stockholders because, in that situation, the cause of action belongs to the corporation, (internal citations omitted), it now appears clear that the corporation, SHL 95, Inc., is actually the real party in interest in this case, rather than, Rawoof, individually.

(*Plaintiff's Memorandum of Law in Support of Motion for Substitution of Named Plaintiff* at pp. 1-4).

After the parties briefed the issue, Magistrate Judge Mason entered a *Report and Recommendation*, in which he recommended that plaintiff's motion for substitution be granted. Judge Mason determined that Rule 17(a) was not applicable because Texor had not asserted a "real party in interest" defense. Instead, Judge Mason considered the circumstances in which Rule 15 allows a party to amend a complaint such that the amendments relate back to the original complaint. Judge Mason concluded that the amendment should relate back to the original complaint because (1) the claim of the new party arose from the same conduct, transaction or occurrence; (2) the new plaintiff shared an identity of interest with the old; (3) the defendant had

fair notice of the new plaintiff's claim; and (4) substituting the new plaintiff would not prejudice defendant.

Because the Court concludes that the Magistrate Judge applied the wrong standard and because defendant would be prejudiced by the requested substitution, the Court rejects the Magistrate's recommendation and denies plaintiff's motion to substitute SHL 95, Inc. for Rawoof.

## II. Standard of review

A motion to amend a complaint is not normally considered a dispositive motion for purposes of Rule 72, which outlines the standards by which a district judge reviews orders issued by a magistrate judge. When a magistrate judge considers a non-dispositive motion, the magistrate issues an order to which the parties may file objections. If a party files objections, the district judge considers the objections and modifies any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72 (a).

Because the Magistrate's order disposed of a party (replacing plaintiff Rawoof with SHL 95, Inc.), the Magistrate issued a *Report and Recommendation*, which is the procedure when a magistrate is assigned to hear a dispositive matter without the consent of the parties. If a party files objections to a magistrate's *Report and Recommendation*, the district judge makes a *de novo* determination. Fed. R. Civ. P. 72 (b).

In this case, because the Magistrate Judge issued a *Report and Recommendation*, this Court reviews the matter *de novo*. Even had the Court reviewed the matter for clear error, it still would have reached the same conclusion.

## III. Discussion

### A. Plaintiff's motion to substitute SHL 95, Inc.

Under certain circumstances, Rules 15 and 17 of the Federal Rules of Civil Procedure allow for a party to be substituted. Rule 15 provides that after an answer is filed, a party may amend a complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 17(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a).

Plaintiff argues that the language in Rule 17 is mandatory and that any plaintiff can substitute another at any time without thought of notice or prejudice. Plaintiff is mistaken.

Both Rules 15 and 17(a) have limits. Courts generally do not allow amendments under Rule 15 where the amendments will prejudice other parties. Rule 17 is similarly limited. Rule 17(a) is "intended to prevent forfeiture when the determination of the proper party to sue is difficult or when an understandable mistake has been made. . . . It is intended to insure against forfeiture and injustice." (Rule 17 advisory notes). Relying on this language, the Seventh Circuit has allowed the substitution of a plaintiff where the wrong plaintiff was named due to an

understandable mistake and where the defendant was not prejudiced. *In re Meyer*, 120 F.3d 66, 69 (7th Cir. 1997).

But where the plaintiff should have known earlier that the real party in interest had not been named and where amending the complaint would prejudice the defendant, courts have not allowed plaintiffs to substitute a real party in interest. *See Intown Properties Mgt. Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 171 (4th Cir. 2001) ("Courts have not permitted Rule 17 to be used late in the course of litigation if the opposing party would suffer undue prejudice. . . . As with Rule 15, Rule 17's liberality evaporates if amendment would unduly prejudice either party."); *Feist v. Consolidated Freightways Corp.*, 100 F. Supp.2d 273, 275 (E.D. Penn. 1999) (denying leave to amend "when determination of the correct party to bring the action was not difficult and when no excusable mistake was made"), *aff'd* 216 F.3d 1075 (3rd Cir. 2000); *Automated Info. Processing, Inc. v. The Genesys Solutions Group, Inc.*, 164 F.R.D. 1, 3 (E.D. N.Y. 1995) (denying leave to amend where information as to the proper plaintiff was within plaintiff's "responsibility and ability to ascertain").

Here, the Magistrate mistakenly considered only Rule 15 and not Rule 17. Rule 17 makes clear that Rawoof should not be allowed to substitute another plaintiff for himself. First, all of the information necessary to ascertain the real party in interest was in the plaintiff's hands before he filed suit. As is clear from plaintiff's motion, plaintiff certainly knew all along about the existence of SHL 95, Inc. (of which he was the sole director and sole shareholder) and should have known in August 2001 that SHL 95, Inc. suffered the injury. It is not defendant's fault that plaintiff's counsel did not figure out the problem and did not have a conversation with Rawoof about the matter until after defendant's counsel asked about Rawoof's tax returns. Rawoof is

adamant that defendant would not be prejudiced by the substitution because it could have figured out that SHL 95, Inc. was the real party in interest once Rawoof produced tax returns for SHL 95, Inc. Rawoof's argument is not well-taken: Rawoof is the party that could and should have figured this out much sooner.

Furthermore, allowing Rawoof to substitute a new plaintiff now would unduly prejudice defendant. Rawoof did not file his motion for substitution until July 27, 2004–nearly two years after he filed the lawsuit and on the date discovery was scheduled to close. (As it turns out, the Magistrate extended discovery another month because defendant had filed a motion to compel plaintiff to respond to discovery requests.) The last days of discovery are too late to attempt to substitute a plaintiff: such a substitution will almost always prejudice a defendant. Such substitution would be particularly prejudicial in this case because Rawoof has passed away. Thus, the person who plaintiff concedes was "the sole officer, director and stockholder of the [SHL 95, Inc.] since its inception" is no longer available to provide a Rule 30(b)(6) deposition on behalf of SHL 95, Inc.

Because plaintiff's failure to substitute earlier the real party in interest is not understandable and because allowing the substitution would unduly prejudice defendant, the Court rejects Judge Mason's *Report and Recommendation* and denies plaintiff's motion to substitute.

### B. Plaintiff's motion to amend the complaint to add a third count

On October 22, 2004, plaintiff filed a motion for leave to amend the complaint to add a proposed Count III. Plaintiff noticed the motion before Magistrate Judge Mason. When Judge

Mason issued his *Report and Recommendation* with respect to plaintiff's motion to substitute, Judge Mason stated:

> Plaintiff is advised to renotice his motion for leave to file Count III [37-1] before Judge Marovich, and attach the proposed amended complaint and not just Count III.

Plaintiff has not re-noticed the motion before this Court or filed a proposed amended complaint. The Court deems the motion abandoned and, therefore, denies the motion to amend without prejudice to plaintiff's right to re-file the motion in the future.

## IV. Conclusion

For the reasons set forth above, the Court rejects the Magistrate's *Report and Recommendation* and denies plaintiff's motion to substitute SHL 95, Inc. for Rawoof. The Court denies as abandoned plaintiff's motion for leave to amend the complaint to add Count III, but the denial is without prejudice to plaintiff's right to re-file the motion in the future.

ENTER:

George M. Marovich
United States District Judge

DATED: 12/28/04