UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMMED RAWOOF | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02 C 5892 |
| v. | ) |
| | ) Judge George M. Marovich |
| TEXOR PETROLEUM COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mohammed Rawoof ("Rawoof") filed a two-count complaint against defendant Texor Petroleum Company ("Texor"). Rawoof claimed that Texor violated the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801, et seq. Nearly two years after filing the suit and on the last day of discovery, Rawoof moved for an order allowing him to substitute SHL, Inc., a corporation which Rawoof described as the real party in interest. The Court denied the motion for substitution on the grounds that it would be unduly prejudicial to defendant. Defendant has now moved for summary judgment (1) with respect to plaintiff's claims on the grounds that plaintiff lacks standing and (2) with respect to attorneys' fees. For the reasons set forth below, the Court grants in part and denies in part defendant's motion for summary judgment.

**I.     Background**

    **A.     The Petroleum Marketing Practices Act**

"Congress enacted the PMPA to address the disparity in bargaining power then existing between franchisors (typically major oil companies) and franchisees in the petroleum industry[.]" *Dersch Energies, Inc. v. Shell Oil Co.*, 314 F.3d 846, 855 (7th Cir. 2002). A franchisee is a

"retailer or distributor (as the case may be) who is authorized or permitted, under a franchise, to use a trademark in connection with the sale, consignment, or distribution of motor fuel." *See* 15 U.S.C. § 2801(4). The PMPA prohibits franchisors from terminating a franchise unless the franchisor both (a) terminates the franchise for one of the reasons allowable under the statute and (b) complies with the statute's notice requirements. *See* 15 U.S.C. §§ 2802(b), 2804. The PMPA provides a private right of action to the franchisee when a franchisor violates § 2802. *See* 15 U.S.C. § 2805. Rawoof alleged in his complaint that Texor terminated his franchise without just cause and without proper notice.

B. **Procedural background**

Two years after filing the case and on the day that discovery was scheduled to close, Rawoof filed a motion to substitute SHL, Inc. for himself as plaintiff. Rawoof argued that SHL, Inc. was the real party in interest and should be substituted. The Court, for two main reasons, ruled that it was too late to substitute a new plaintiff. In its opinion (the "Rule 17 opinion"), the Court first noted that all of the information necessary to ascertain the real party in interest was in the plaintiff's hands before he filed suit. Second, the Court concluded that defendant would be prejudiced by the substitution given that (a) discovery was set to close and (b) Rawoof (who was said to be the sole shareholder and officer) had passed away, thereby eliminating defendant's chance to take his Rule 30(b)(6) deposition.

To be clear, in its Rule 17 opinion, the Court *did not* rule on whether Rawoof (or SHL, Inc., for the matter) had standing to pursue the PMPA claims. Despite defendant's attempt to paint the Rule 17 opinion as a decision on the standing issue, plaintiff is correct that the Court

has yet to make a determination on that issue. The Court determined only that it was too late for plaintiff to avail himself of the benefits of Rule 17 of the Federal Rules of Civil Procedure.

**C.     Summary Judgment evidentiary issues**

Before the Court discusses the disputed and undisputed facts, it reiterates the importance of complying with Local Rule 56.1. Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. *See Thomas v. CitiMortgage, Inc.*, Case No. 03 C 6177, 2005 WL 1712266 at *1 n. 1 (N.D. Ill. Jul. 20, 2005); *Perez v. City of Batavia*, Case No. 98 C 8226, 2004 WL 2967153 at *10 (N.D. Ill. Nov. 23, 2004); *see also Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). Facts that are argued but do not conform with the rule are not considered by the Court.

Defendant complains that plaintiff has denied many of defendant's facts without putting forth admissible evidence and, thus, that many of defendant's facts should be deemed admitted. Defendant is correct that where one party supports a fact with admissible evidence and the other party denies the fact without citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This, however, does not absolve defendant of its initial burden of putting forth admissible evidence to support its facts. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. Among the types of evidence admissible for summary judgment purposes are admissions a party makes in a brief or motion to a court. *See* Fed. R. Civ. P. 56(c) ("The judgment sought shall be

rendered forthwith if the pleadings, depositions, answers to interrogatories, and *admissions* on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (emphasis added); *Woods v. City of Chi.*, 234 F.3d 979, 989 (7th Cir. 2000) ("An 'admission' includes 'anything which is in practical effect an admission' including statements made in a brief presented to the district court[.]") (internal citations omitted).

Two facts are undisputed. SHL, Inc. is the real party in interest. Any injury suffered by Rawoof at the hands of Texor was indirect (by virtue of his status as a shareholder of SHL, Inc.).[1]

Two facts are disputed. First, according to plaintiff, on February 15, 2005, SHL, Inc. issued a resolution ratifying Rawoof's filing of this suit. Second, according to plaintiff, SHL, Inc. has agreed to be bound by any determination made in this case. The defendant disputes these facts with an admission by plaintiff that Rawoof was the sole shareholder and officer of SHL, Inc. That evidence contradicts plaintiff's facts because, for reasons that are irrelevant here, the truth of SHL, Inc.'s ratification of and agreement to be bound by this suit is dependant upon SHL, Inc.'s having another officer.[2]

---

[1] The Court deems these facts admitted because defendant put these facts into its statement of facts and supported them with citations to plaintiff's admissions in briefs filed previously with the Court. Plaintiff failed to put forth any contrary evidence of damages or other injury he suffered by Texor's alleged actions.

[2] The defendant argues that the Court should ignore these asserted facts on the grounds that they contradict an admission in a deposition. Not so. Defendant is correct that a party "cannot create an issue of material fact merely by manufacturing a conflict in his own testimony by submitting an affidavit that contradicts an earlier deposition." *Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 532 (7th Cir. 1999). In such a circumstance, a court would ignore the contrary affidavit (unless the deposition testimony demonstrably resulted from such circumstances as a poorly-worded question or a memory lapse). *Id.* at 532-533. Here, however, the affidavit does not contradict the affiant's deposition. (If the affiant gave a deposition, it has

## II. Summary Judgment Standards

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

### A. Standing

Defendant makes one argument in favor of its motion for summary judgment on Counts I and II. Defendant argues that Rawoof has no standing to pursue the PMPA claims against Texor.

Pursuant to Article III of the Constitution, the Court has jurisdiction only over cases or controversies and, thus, "parties seeking to invoke the jurisdiction of federal courts must show that they have standing to sue within the meaning of Article III." *Krislov v. Rednour*, 226 F.3d

---

not been submitted to the Court.) Rather, the deposition "testimony" the defendant claims is contradicted by the affidavit is a statement by plaintiff's *counsel* at a deposition. The *Piscione* rule is inapplicable.

851, 857 (7th Cir. 2000). The minimum standing requirements are: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury would be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). An "injury in fact" is "an invasion of a legally protected interest" which is both "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560. The "party invoking federal jurisdiction bears the burden of establishing these elements with the manner and degree of evidence required at the successive stages of the litigation." *Id*. at 561. It is clear that Rawoof meets the minimum Article III injury requirement, because he has suffered the indirect injury that a shareholder suffers when his corporation suffers an injury.

In addition to the minimum Article III standing requirements, courts also impose "'prudential limitations' on the class of persons who may invoke federal jurisdiction." *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). For example, generally, "a litigant must assert his own legal rights and cannot assert the legal rights of a third party." *Massey*, 196 F.3d at 739. Among the prudential limitations is the "so-called shareholder standing rule[,]" which "is a longstanding equitable restriction that generally prohibits shareholders from initiating actions to enforce the rights of the corporation[.]" *Franchise Tax Bd. of Cal. v. Alcan Alum. Ltd.*, 493 U.S. 331, 336 (1990); *see also Flynn v. Merrick*, 881 F.2d 446, 450 (7th Cir. 1989); *Mustafa v. Equilon Enterprises, LLC*, Case No. 00 C 1396, 2000 WL 1364407 at *2 n. 5 (N.D. Ill. Sept. 15, 2000) (dismissing shareholder's PMPA claim and noting that a "shareholder does not have standing to bring a cause of action based on an injury to the corporation that results only in an indirect injury to the shareholder."). The prudential rule against shareholder standing has exceptions. A shareholder "with a direct, personal interest in a cause of action [may] bring suit

even if the corporation's rights are implicated." *Franchise Tax Bd. v. Alcan Alum.*, 493 U.S. at 336.

In this case it is undisputed that Rawoof suffered only the indirect injury of a shareholder. Faced with this fact on summary judgment, it is Rawoof's obligation to come forward with evidence that he suffered a direct injury. Plaintiff *argues* in his brief that "Rawoof personally entered into the dealer franchise agreement with Texor." If that statement were supported by admissible evidence, that would suffice to show that Rawoof suffered a direct injury in this case, and his case could proceed. The problem is that *nowhere* in his statement of additional facts *or* in his response to defendant's statement of facts does plaintiff put forth *evidence* to support that fact. Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, the undisputed facts are that Rawoof lacks standing to pursue the PMPA claims against Texor.

Finally, Rawoof makes a last-ditch argument that his claims should proceed. He puts forth evidence (albeit disputed evidence) that in February 2005, SHL, Inc. ratified his suit and agreed to be bound by the Court's determination in this case. Plaintiff is correct that ratification is listed as one of the ways (the others include substitution and joinder) to involve the real party in interest in a case brought by the incorrect party. *See* Fed. R. Civ. P. 17. This Court, however, has already ruled that plaintiff's attempt to substitute SHL, Inc. for Rawoof was made too late.

The ratification occurred months *after* the Court ruled that it was already too late for plaintiff to avail himself of Rule 17. The ratification, like the motion to substitute, came too late.

Because plaintiff has failed to put forth evidence that he has suffered a direct injury and because the undisputed evidence is that plaintiff's only injury is the indirect injury of a shareholder, Rawoof lacks standing to pursue the PMPA claims. Accordingly, the Court grants Texor's motion for summary judgment on Counts I and II.

### B. Attorneys' fees

Defendant also argues that it is "entitled" to its attorneys fees in this case. The PMPA provides that where a franchisee brings suit against a franchisor, "the court may, in its discretion, direct that reasonable attorney and expert witness fees be paid by the franchisee if the court finds that such action is frivolous." *See* 15 U.S.C. § 2805(d)(3).

Here, the Court does not deem the plaintiff's case to be frivolous. Due to prudential standing considerations, the Court never considered the merits of the case, so the Court has no reason to think the case was frivolous on its merits. Nor does the Court deem plaintiff's arguments on the procedural issues to be frivolous. Because the Court does not conclude that the action was frivolous, the statute does not grant the Court discretion to award attorneys' fees to Texor. Even if it had such discretion, it would still not grant such fees.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendant's motion for summary judgment. The Court grants defendant's motion for summary judgment on Counts I and II. The Court denies defendant's motion for summary judgment with respect to attorneys' fees.

ENTER:

George M. Marovich
United States District Judge

DATED: 02/08/06